**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ________________________

HUGEDOMAINS.COM, LLC, a Colorado limited liability company,

Plaintiff,

v.

ROBERT P. WILLS, MD. PA, a Texas Professional Association
d/b/a AUSTIN PAIN ASSOCIATES,

Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff HugeDomains.com, LLC ("HugeDomains") for its Complaint against Defendant Robert P. Wills, MD. PA, a Texas Professional Association d/b/a Austin Pain Associates ("APA") alleges as follows:

## I. INTRODUCTION

1. HugeDomains brings this action to stay the transfer of the <austinpain.com> domain name to Defendant APA, to recover damages against APA for reverse domain name hijacking, and to obtain a declaration of lawful use of the domain name <austinpain.com> under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1114 (2)(D), and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. As set forth in more detail below, the <austinpain.com> domain name is neither identical to, confusingly similar to, nor dilutive of any mark belonging to APA. APA has never used nor traded in the generic term "Austin Pain" and has no rights to that name. HugeDomains lawfully registered the domain name with no

knowledge of APA, has legitimate interests in respect of the domain name, and has consistently acted in good faith.

2.      In proceedings under the Uniform Domain-Name Dispute Resolution Policy ("UDRP") of the Internet Corporation for Assigned Names and Numbers ("ICANN"), APA knowingly provided the UDRP panel with materially false, incomplete, and misleading information in an effort hijack the <austinpain.com> domain name from HugeDomains. APA knowingly and materially misrepresented that the <austinpain.com> domain was identical to, confusingly similar to, or dilutive of a mark belonging to APA. APA's material misrepresentations caused the UDRP panel to order the transfer of the domain name to APA. Accordingly, HugeDomains asks for a declaration of lawful use of the domain name, injunctive relief prohibiting the transfer of the domain name to APA, and for damages caused by APA's reverse hijacking.

## II.  THE PARTIES

3.      Plaintiff HugeDomains is a limited liability company, organized and existing under the laws of the State of Colorado, having a principal place of business at 2635 Walnut Street, Denver, CO 80205.

4.      Upon information and belief, Defendant APA is a professional association organized and existing under the laws of the State of Texas, having a principal place of business at 2501 William Cannon, Suite 401, Austin, TX 78745.

## III. JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper under 28 U.S.C. § 1331, § 1338 and § 2201 and 15 U.S.C. § 1121 because this action involves a federal question arising under 15 U.S.C. § 1114(2)(D)(iv) and (v), and 15 U.S.C. § 1125(d).

6. This Court has personal jurisdiction over APA because APA expressly agreed to submit to the Court's personal jurisdiction. Specifically, APA filed a UDRP Complaint in which it agreed to submit to personal jurisdiction in "the location of the principal office of the concerned registrar" with respect to any challenge to the decision of the UDRP panel. The domain name <austinpain.com> is registered with DOMAINTACT (the "Registrar"), a limited liability company, organized and existing under the laws of the State of Colorado, having a principal place of business at 2635 Walnut Street, Denver, CO 80205. Because the concerned Registrar's principal office is in the State of Colorado, APA has expressly consented to personal jurisdiction in the State of Colorado.

7. Venue is proper under 28 U.S.C. § 1391(b) and § 1391(c)(2).

## V. BACKGROUND

8. Andrew Reberry ("Reberry"), one of HugeDomains' founders, registered the <austinpain.com> domain name in his name on behalf of HugeDomains on January 1, 2013. Prior to that time, the domain name had been owned by multiple different entities and individuals, but never by APA.

9. Reberry transferred the <austinpain.com> domain to HugeDomains on or about January 5, 2013 and HugeDomains currently owns the domain name.

10. <austinpain.com> is registered with the Registrar, DOMAINTACT, LLC.

11. HugeDomains owns and has used the <austinpain.com> domain name in good faith since its registration on January 1, 2013. *See* Exhibit 1.

12. HugeDomains has developed a large portfolio of two-word domain names incorporating common words, acronyms, generic dictionary words, phrases, topics, and geo-locations, some of which are offered for sale to the general public through HugeDomains.

13. As a seller of generic domain names, HugeDomains owns and operates numerous domain names that are similar to the domain name at issue. In particular, HugeDomains owns domain names beginning with the word “Austin” and ending with medical terms. These domain names include, for example, <austinelectrolysis.com>, <austinhealthcare.net>, <austincenter.com>, <austinmeditation.com>, <austinneurologist.com>, <austinoutreach.com>, <austinpregnancy.com>, <austinsinus.com>, <austinsleep.com>, and <austinsurgery.com>. HugeDomains also owns and operates numerous domain names that are similar to the Domain Name at issue but focus on various cities throughout the United States, such as, <augustapain.com>, <bocaratonpain.com>, <centralvalleypain.com>, <fortlauderdalepain.com>, <jerseypain.com>, <marinpain.com>, <somersetpain.com>, and <newportnewspain.com>.

14. Among other things, HugeDomains has a legitimate business interest in owning and operating generic domain names that have geo-locational value to many different cities along with industries in the medical field. HugeDomains has registered approximately 235 domain names that begin with the word “Austin” and 354 domain names that end with the word “pain.”

15. HugeDomains does not engage in outbound domain sales. That is, it does not send outbound emails, call third parties, or make any other outbound communication unless it receives an inquiry first initiated by an inbound party.

16. HugeDomains had no knowledge of APA at the time <austinpain.com> was registered.

17. APA has never owned the <austinpain.com> domain name.

18. APA has never used the name "Austin Pain" standing alone in commerce and has no rights to the name.

19. APA holds no federal trademark registration for the mark AUSTIN PAIN.

20. APA uses and has always used its name "Austin Pain Associates" or its abbreviation "APA" in connection with its goods and services.

21. APA's website, found at www.austinpainmanagement.com, consistently uses the entirety of the company name "Austin Pain Associates" or its abbreviation "APA" throughout. Nowhere on the site is a ™ or a ® symbol found to indicate that the shorter and more generic term "Austin Pain" is a trademark or intellectual property of the APA. Every time that the term "Austin Pain" is referenced on the site, it is followed by the word "Associates." *See* Exhibit 2.

22. APA has recorded the following seven assumed names with the Texas Secretary of State: STONEGATE PHYSICAL THERAPY, Restore FX, Austin Pain Associates, APA Clinical Laboratory, APA Clinical Labs, Advanced Rehab, and Advanced Rehabilitation. APA has never recorded "Austin Pain" as an assumed name with the Texas Secretary of State. *See* Exhibit 3.

23. APA's Facebook page also consistently uses its name "Austin Pain Associates" or its abbreviation "APA," and never uses "Austin Pain" standing alone. APA's customers also exclusively use the term APA on APA's Facebook page. *See* Exhibit 4.

24. APA has no common law or federal trademark rights to AUSTIN PAIN.

25. HugeDomains registered and uses the <austinpain.com> domain name in good faith and its use is a bona fide use.

26. The two words comprising <austinpain.com> are common, generic, and geographically and industrially descriptive. As such, no likelihood of confusion exists between HugeDomains and any mark belonging to a third party including, in particular, APA.

27. The term "Austin Pain" is a generic two-word term which was not coined by APA; rather, it is a common phrase used by numerous third parties.

28. In particular, a separate and unrelated company in the same city and state as APA, Austin Pain Therapy Associates, Inc., not only uses the term "Austin Pain" as part of its company name, but this third party entity also owns Registered Trademark No. 2290889 for AUSTIN PAIN THERAPY. *See* Exhibit 5. This company also incorporates the two generic words "Austin" and "Pain" in its domain name <austinpaintherapy.com>. *See* Exhibit 6.

29. In addition, a separate and unrelated company in the same city and state, has registered and is using the domain name <austinpaindoctor.com> in connection with its pain management and treatment services offered at six locations in central Texas. *See* Exhibit 7.

30. Further, the Austin Pain Society is a not-for-profit organization that is registered in Texas and operates using the generic words "Austin" and "Pain" as part of its organization's name. The Austin Pain Society functions as a local chapter of the larger Texas Pain Society. *See*

Exhibit 8. Several of APA's doctors have been members and even a past President of the Austin Pain Society. *See* Exhibit 9.

31.     Numerous third party websites demonstrate that these two generic and common words are used generally in commerce to describe a geographic location, symptoms and medical services. *See* Exhibit 10.

32.     Numerous other companies, unrelated to APA, use "Austin" and "Pain" in their websites, including austinpaininstitute.com, austinpaindocs.com, austinpaindoctor.net, austinpainreliefcenter.com, austinpainrelief.com, austinpaindr.com, austinpaincenter.com, and austinpainfree.com.

33.     Further, two separate and unrelated companies in the same city and state, have owned the <austinpain.com> domain name in the past. Interventional Pain Associates owned the name as early as 2009, and Austin Pain Therapy Associates owned the name as early as 2007. *See* Exhibit 11.

34.     On January 4, 2013, an unknown individual contacted HugeDomains in Colorado to inquire as to whether the <austinpain.com> domain name was for sale.

35.     On January 9, 2013, HugeDomains received an e-mail from APA offering to purchase the <austinpain.com> domain name for $6,000. *See* Exhibit 12.

36.     HugeDomains' counteroffer to sell the <austinpain.com> domain name for $9,000 was rejected by APA. The parties continued to negotiate but were unable to reach an agreement.

37.     On January 6, 2014, APA filed Case No. FA1312001536356 with the National Arbitration Forum ("NAF") in accordance with the UDRP seeking to force HugeDomains to transfer ownership of <austinpain.com> to APA. *See* Exhibit 13.

38. In its submissions to the NAF panel, APA knowingly and materially misrepresented its alleged use of "Austin Pain" as well as the factual background between the parties.

39. APA, for example, stated that APA "had used the domain in connection with a bona fide offering of goods or services since at least 2009" and "has been commonly known by the domain name." Both of these statements are false.

40. APA stated that it had been "commonly known by the domain name and has used the mark in multiple uses including trade publications, advertisements, business formation, common usage and holding itself out as Austin Pain along with its formation of Austin Pain in 2002." All of this is false. APA has never used, nor held itself out as "Austin Pain" standing alone, and was not formed as "Austin Pain." Rather, APA was formed as "Austin Pain Associates" and has always referred to itself as "Austin Pain Associates" or its abbreviation "APA."

41. APA stated that "[HugeDomains] updated the domain name and immediately contacted [APA] to 'sell back' the domain name." This statement is false. APA never owned the domain in the first place and it was APA that first contacted HugeDomains to buy the name.

42. APA also stated that HugeDomains registered the domain "primarily for the purpose of selling the domain name registration to [APA] who is the owner of the trademark or service mark or to a competitor of APA." This statement is false. The domain name was registered with no knowledge of APA or its competitors and APA is not the owner of a trademark or service mark in the name.

43. In its annexes submitted to the panel, APA submitted evidence of a prior registrant's registration of <austinpain.com>, creating the impression that APA had used the domain name previously, which is false.

44. On or about March 18, 2014, the arbitration panel in the UDRP proceeding issued its ruling in favor of APA. The panel's decision was based on APA's misrepresentation that the <austinpain.com> domain name is identical or confusingly similar to a trademark or service mark in which APA has rights. On March 20, 2014, the Registrar, the registrant, HugeDomains, and APA were notified by NAF of the panel's decision.

**COUNT I**
**Declaration under the Anticybersquatting Consumer Protection Act**

45. HugeDomains hereby incorporates the allegations of paragraphs 1 through 44 as if set forth here in full.

46. HugeDomains' registration and use of the <austinpain.com> domain name does not violate federal trademark law and is wholly permissible under both federal and state trademark laws.

47. In connection with the registration of the domain name <austinpain.com>, HugeDomains had no bad faith intent to profit from APA's non-existent trademark rights in the term "Austin Pain" for any product or service of APA, as contemplated by 15 U.S.C. § 1125(d)(1)(A)(i).

48. APA has no rights in the mark AUSTIN PAIN and HugeDomains neither had nor has any intent to divert consumers from APA's online location to a site that could harm any goodwill represented by APA's non-existent mark, either for commercial gain or with the intent

to tarnish or disparage the non-existent mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

49.   HugeDomains provided no misleading contact information when applying for the registration of the domain name, nor has it failed to maintain accurate contact information.

50.   HugeDomains neither registers nor acquires domain names which it knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks that are famous at the time of registration.

51.   The <austinpain.com> domain name contains no mark that is either distinctive or famous within the meaning of 15 U.S.C. § 1125(c).

52.   The domain name <austinpain.com> is not identical, confusingly similar to, or dilutive of any mark belonging to APA, as contemplated by 15 U.S.C. § 1125(d)(1)(A)(ii).

53.   As required by 15 U.S.C. § 1114(2)(D)(v), HugeDomains has given notice to APA of HugeDomains' intent to file an action to establish that its registration and use of the domain name <austinpain.com> is not unlawful under the Anticybersquatting Consumer Protection Act.

54.   A dispute exists between HugeDomains and APA concerning HugeDomains' right to register and use the domain name <austinpain.com>.  As a consequence thereof, an actual and justiciable controversy exists between HugeDomains and APA.

55.   HugeDomains seeks a declaration that its registration and use of <austinpain.com> is lawful and that the UDRP panel's decision is incorrect and contrary to law.

56.   HugeDomains is and will be irreparably harmed if the <austinpain.com> domain is transferred to APA.

**COUNT II**
**Reverse Domain Name Hijacking**

57. HugeDomains hereby incorporates the allegations of paragraphs 1 through 56 as if set forth here in full.

58. APA initiated the UDRP proceeding against HugeDomains in a bad faith effort to deprive HugeDomains of the <austinpain.com> domain name when APA had no right to the name.

59. APA knowingly provided the UDRP panel with false, incomplete, and misleading information in connection with its effort to gain control over the <austinpain.com> domain name.

60. The panel's decision in favor of APA was based on APA's knowing and material misrepresentation that the <austinpain.com> domain name is identical or confusingly similar to a trademark or service mark in which APA has rights.

61. APA' conduct was knowing, intentional, and improper and caused HugeDomains to suffer damages that will be established at trial.

**RELIEF REQUESTED**

Wherefore, HugeDomains.com requests that this Court enter judgment:

A. declaring that HugeDomains' registration and use of the domain name <austinpain.com> is not unlawful under the Anticybersquatting Consumer Protection Act;

B. declaring that HugeDomains' registration and use of the domain name <austinpain.com> is lawful;

C. declaring that HugeDomains is not required to transfer the registration for the domain name <austinpain.com> to APA;

D. entering a permanent injunction enjoining the registrar from transferring the <austinpain.com> domain name to APA;

E. entering a permanent injunction enjoining APA not to accept a transfer of the domain name <austinpain.com> or claiming ownership thereof;

F. awarding HugeDomains its damages caused by APA' knowing and material misrepresentation that the <austinpain.com> domain name is identical or confusingly similar to a trademark or service mark in which APA has rights;

G. awarding HugeDomains its reasonable costs and attorneys' fees;

H. awarding HugeDomains statutory damages under 15 U.S.C. § 1117; and

I. awarding HugeDomains such other relief as the Court deems just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 2, 2014.

Respectfully submitted,

BRYAN CAVE LLP

*s/Timothy M. Reynolds*

Timothy M. Reynolds
1801 13th Street, Ste. 300
Boulder, CO 80302
Telephone: (303) 444-5955
Email: timothy.reynolds@bryancave.com

Erin A. Kelly
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
Telephone: 303-861-7000
Email: erin.kelly@bryancave.com

ATTORNEYS FOR PLAINTIFF