IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00946-BNB

HUGEDOMAINS.COM, LLC, a Colorado limited liability company,

Plaintiff,

v.

ROBERT P. WILLS, M.D., P.A., a Texas Professional Association d/b/a Austin Pain Associates,

Defendant.

---

**JUDGMENT AND PERMANENT INJUNCTION**

---

This matter is before the court on the Stipulation to Judgment and Permanent Injunction

[Doc. # 14, filed 6/13/2014] (the "Stipulation") executed by the parties.

IT IS ORDERED:

1.      Plaintiff owns the domain name <austinpain.com>.

2.      Defendant filed a complaint with the National Arbitration Forum ("NAF")

seeking transfer of the domain name under the Uniform Domain-Name Dispute Resolution

Policy of the Internet Corporation for Assigned Names and Numbers, Austin Pain Associates v.

Jeffrey Reberry, No. FA1312001536356 (the "UDRP Proceeding").

3.      After the NAF panel ordered the transfer of the domain name to Defendant (the

"NAF Order"), Plaintiff filed this lawsuit asserting claims for declaratory relief and reverse

domain name hijacking.

4.      Defendant shall pay to Plaintiff the sum of $25,000.00.

5.      Plaintiff's interests in respect of the <austinpain.com> domain name are legitimate.

6.      Plaintiff did not register or use <austinpain.com> domain name in bad faith and had no bad faith intent to profit from the domain name.

7.      Plaintiff's registration and use of the <austinpain.com> domain name was and is lawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1), and under 15 U.S.C. §1125(a) and 1114 (1).

8.      The NAF Order in the UDRP Proceeding is hereby set aside and Plaintiff is not required to transfer the <austinpain.com> domain name to Defendant.

9.      Pursuant to 15 U.S.C. § 1114(2)(D)(v), the registrar is hereby enjoined from transferring the <austinpain.com> domain name to Defendant based on the NAF Order.

10.     Defendant has been properly and validly served with the Summons and Complaint in this action, and is subject to the jurisdiction of the Court.

11.     Defendant has waived notice of entry of this Judgment and Permanent Injunction and has waived all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

12.     The court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

Dated July 21, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge